By the Court.—Sedgwick, J.
The exceptions are of a kind that does not require a detailed statement of the facts. The action was to recover possession of personal property,belonging, as alleged, to the plaintiff. The property was taken under an execution issued against the property of Adolph Pollock, the plaintiff’s husband. When the case went to the jury, there was sufficient evidence to require their verdict as to whether, although the property was nominally owned by the plaintiff, her husband was not in fact the true owner. It was not decisive of this issue, that she bought the business from Hoffman, at a time when he was sole owner. If she, in fact, acted in that transaction in behalf of her husband, she was not entitled to recover in this action. On the merits, then, the motion for a new trial was correctly denied. In addition, the plaintiff let the case go to the jury without directing the attention of the court to her claim that the weight of the evidence, as matter of law, called for a verdict in her behalf. This was tantamount to consenting that the jury should pass upon the facts, and prevents a subsequent motion for a new trial on the evidence. We have said, in substance, that the judge properly submitted the case to the jury.
The deputy-sheriff who levied upon the property was asked, “ if he saw anybody that was in charge of the place at the time he went to levy?” The court correctly allowed this question, on the general objection of the plaintiff. The question called for testimony as to who was in possession and control of the property. These indicia of ownership were relevant facts. *480 The answer was, that witness judged the plaintiff’s husband was in charge. This was not objected to by plaintiff’s counsel, who might have deemed this answer less hurtful than the particular acts on which the opinion was based.
The defendant having called out this fact, I think the plaintiff was entitled to have in testimony what was said at the time by her, both, because as urged by the learned counsel for appellant she was entitled to show she was not estopped by standing silent in the presence of what defendant claimed was an apparent ownership of her husband, and also because, as I think, anything she said was to be considered by the jury in ascertaining what was the correct inference to be drawn from the husband’s acts or words, which, according to defendant’s theory, showed he had charge of the property. Such were the views of the learned judge at the trial, for against defendant’s objection he permitted a preliminary question—“Did she say anything at the time to you?” The answer was, “She said a good deal that I don’t remember; she was quite agitated, and said a goód deal.” There appears in the case, that the counsel for plaintiff then said to the witness, “Now, among the good deal that she said, will you please tell this jury whether or not she then said”—? An objection to this was sustained. There does not appear to be any error here. The question in this maimed condition did not call for answer at all. Nor can we presume, against the presumption in favor of the validity of the judgment, that the court meant to shut out any relevant declaration of the plaintiff. We must suppose that there was a substantial reason, growing out of the usual incidents of a trial, which led the court to stop the counsel in the midst of the question, inasmuch as the counsel did not claim a right to complete it.
The defendants claimed, or it was within the scope *481 of the claim they made, that the plaintiff did not buy the business, and that any money used in it belonged to the husband and not to her. Therefore it was right to admit the questions in different forms that tended to show that the plaintiff had no money, but that her husband had means. As to those questions, which it is now argued referred to remote times, there should have been special objections, that called the attention of the court to the specific point. This not being done, the ruling of the court was only as to the general pertinency of the subject-matter of the inquiry.
The defendant placed on the stand a creditor of plaintiff’s husband, who testified on direct examination as to the state of accounts between them, and as to property in possession of plaintiff’s husband shortly before the plaintiff made her alleged purchase from Hoffman. On cross-examination he testified he sued the husband for five hundred and thirty-four dollars. Plaintiff’s counsel then asked, “And did you recover in that action a judgment of sixty dollars?” On defendant’s general objection, this was excluded. This objection did not call for the exclusion of the proposed evidence as secondary. The matter aimed at was pertinent, but I think there is an error of printing, which prevents a reversal on this sole ground as well, because, although pertinent, the matter was unimportant. The error I allude to, is that of the printed book, setting out that the witness testified that he sued for five hundred and thirty-four dollars. On the direct examination, the witness said that at the time in question, the indebtedness was in fifty-three dollars and three cents. If this error does not exist, the plaintiff had full advantage of the fact that the witness sued for five hundred and thirty-four dollars, when fifty-three dollars and three cents were owed, and the only importance of the judgment would be to show what the fact was. *482 I am of opinion that the judgment should be affirmed, with costs.
Monell, Ch. J., and Freedman, J., concurred.